UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BASSEY TAYLOR, | § | |
| TDCJ # 01952714, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:19-0176 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Bassey Taylor, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), filed a petition for habeas corpus for relief under 28 U.S.C. § 2254 seeking relief from a state court conviction. After reviewing the pleadings, all matters of record, and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth briefly below.

### I. BACKGROUND

According to Taylor's petition (Dkt. 1) and publicly available TDCJ records, Taylor was convicted of aggravated sexual assault on September 15, 2014, in the 130th Judicial District Court of Matagorda County, case number 14-089. *See* Dkt. 1; Offender Information, available at https://offender.tdcj.texas.gov/OffenderSearch/index.jsp (last visited May 31, 2019). He was sentenced to thirty years. Taylor did not file an appeal (Dkt 1, at 3).

Taylor states that on December 19, 2018, he filed an application for habeas corpus relief in state court (Dkt. 3, at 2; *see* Dkt. 1, at 3-4). The Texas Court of Criminal Appeals' online records indicate that Taylor has filed one post-conviction writ, WR-89,653-01. *See* Texas Court of Criminal Appeals Case Information, available at http://search.txcourts.gov/Case.aspx?cn=WR-89,653-01&coa=coscca (last visited May 31, 2019). The Court of Criminal Appeals received his writ on March 18, 2019 and dismissed the writ on March 27, 2019 (*id*.). The dismissal notice states:

> The Court has dismissed your application for writ of habeas corpus without written order for non-compliance with Texas Rules of Appellate Procedure 73.1. Specifically, applicant has not completed a proper verification of the prescribed form.

(*Id.*).

On May 23, 2019, the Court docketed Taylor's federal petition (Dkt. 1), which is dated April 20, 2019. Taylor's federal petition claims that his rights to due process and to effective assistance of trial counsel were violated. He claims that he was coerced into an involuntary guilty plea when trial counsel failed to inform him of all medical evidence regarding the sexual assault at issue. He also claims he was denied court-appointed counsel for state habeas proceedings, which he needs because he is blind (*see* Dkt. 1, Dkt. 3).

## II. <u>EXHAUSTION OF REMEDIES</u>

This case is governed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2241 *et seq*. Under the AEDPA, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the

judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (internal citation, quotation marks, and alteration omitted). Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B). A reviewing court may raise a petitioner's failure to exhaust *sua sponte*. *Tigner v. Cockrell*, 264 F.3d 521, 526 n.3 (5th Cir. 2001).

To exhaust his state remedies under the applicable statutory framework, a habeas petitioner "must have fairly presented the substance of his claim to the state courts." *Young v. Davis*, 835 F.3d 520, 525 (5th Cir. 2016) (internal citation and quotation marks omitted). A federal habeas petitioner shall not be deemed to have exhausted the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

In Texas, a criminal defendant may challenge a conviction by taking the following paths: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal

Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. *See* TEX. CODE CRIM. PROC. art. 11.07 § 3; *see also Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings."). In this case, Taylor did not file a direct appeal. Although he filed a state habeas application, the Texas Court of Criminal Appeals dismissed the application for non-compliance with Texas Rule of Appellate Procedure 73.1. A dismissal of an application, in contrast to a denial of relief, is "unrelated to the merits of any claims." *Ex parte Santana*, 227 S.W.3d 700, 703 (Tex. Crim. App. 2007).

In Taylor's case, the court's dismissal order stated that Taylor had not completed a "proper verification" of the habeas form. Rule 73.1(a) provides that an application for state habeas relief must be filed on the form prescribed by the court. TEX. R. APP. P. 73.1(a). In addition, Rule 73.1(g)(2) requires that an application filed by a TDCJ inmate be "verified" by "an unsworn declaration in substantially the form required in Civil Practices and Remedies Code chapter 132." TEX. R. APP. P. 73.1(g)(2). In the subsection relevant to TDCJ inmates, Chapter 132 requires that the unsworn declaration "include a jurat in substantially the following form":

> "My name is _____ (First) (Middle) (Last), my date of birth is _____, and my inmate identifying number, if any, is _____. I am presently incarcerated in _____ (Corrections unit name) in _____ (City) (County) (State) (Zip Code).
> I declare under penalty of perjury that the foregoing is true and correct.

Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. *See* TEX. CODE CRIM. PROC. art. 11.07 § 3; *see also Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings."). In this case, Taylor did not file a direct appeal. Although he filed a state habeas application, the Texas Court of Criminal Appeals dismissed the application for non-compliance with Texas Rule of Appellate Procedure 73.1. A dismissal of an application, in contrast to a denial of relief, is "unrelated to the merits of any claims." *Ex parte Santana*, 227 S.W.3d 700, 703 (Tex. Crim. App. 2007).

In Taylor's case, the court's dismissal order stated that Taylor had not completed a "proper verification" of the habeas form. Rule 73.1(a) provides that an application for state habeas relief must be filed on the form prescribed by the court. TEX. R. APP. P. 73.1(a). In addition, Rule 73.1(g)(2) requires that an application filed by a TDCJ inmate be "verified" by "an unsworn declaration in substantially the form required in Civil Practices and Remedies Code chapter 132." TEX. R. APP. P. 73.1(g)(2). In the subsection relevant to TDCJ inmates, Chapter 132 requires that the unsworn declaration "include a jurat in substantially the following form":

> "My name is _____ (First) (Middle) (Last), my date of birth is _____, and my inmate identifying number, if any, is _____. I am presently incarcerated in _____ (Corrections unit name) in _____ (City) (County) (State) (Zip Code).
> I declare under penalty of perjury that the foregoing is true and correct.

  Executed on the \_\_\_\_\_ day of _____ (Month) (Year)

  _____
  Declarant"

TEX. CIV. PRAC. & REM. CODE § 132.001(e).

  Compliance with Rule 73.1 is a prerequisite to consideration of the merits of an applicant's claims. *Broussard v. Thaler*, 414 F. App'x 686, 688 (5th Cir. 2017) (citing *Ex parte Blacklock*, 191 S.W.3d 718, 719 (Tex. Crim. App. 2006)). A state application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Id*. (citing *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)). Courts therefore construe compliance with Rule 73.1 as "a condition to filing and not a condition to obtaining relief." *Id*. (internal quotation marks and citation omitted).

  Because Taylor's habeas application was not "properly filed" under Rule 73.1, he has not exhausted his state court remedies. *See* 28 U.S.C. § 2254(c); *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (when a claim is presented "in a procedural context in which its merits will not be considered," the claim is not fairly presented for exhaustion purposes); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999) (an "improperly filed" state habeas petition does not satisfy the requirement to exhaust state court remedies). Taylor still can present his claims to the Court of Criminal Appeals by re-filing his application with a declaration in compliance with Rule 73.1 and § 132.001, as set forth above.

  Comity requires this Court to defer until the Court of Criminal Appeals has had an opportunity to address the claims in Taylor's federal petition. The pending federal habeas petition must be dismissed as premature for lack of exhaustion.

### III. CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes

that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. CONCLUSION

For the reasons stated above the Court **ORDERS** that:

1. The petition (Dkt. 1) is **DISMISSED without prejudice** for failure of the petitioner to exhaust all available remedies to the state's highest court of criminal jurisdiction as required by 28 U.S.C. § 2254.

2. A certificate of appealability is denied.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 31st day of May, 2019.

George C. Hanks Jr.
United States District Judge